# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEREK WALSH, SHANE MITCHELL, TERRELL HILL, BRIAN ENGELSMAN, and WILLIAM HINTON, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>MIKE KELLEY, in his official capacity as Sheriff of Will County, Illinois, and WILL COUNTY, ILLINOIS,<br><br>    Defendants. | No. 1:17-cv-05405<br><br>Judge Andrea R. Wood |

## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND FOR APPOINTMENT OF CLASS COUNSEL

Dated: January 31, 2020

Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios (ARDC No. 6301828)
Peterson, Johnson & Murray Chicago, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
(312) 782-7150
(312) 896-9318 – fax
mlarios@pjmchicago.com

*Counsel for Defendants Mike Kelley and Will County, Illinois*

Defendants MIKE KELLY, in his official capacity as Sheriff of Will County, Illinois and WILL COUNTY, ILLINOIS (collectively, the "Defendants"), by and through their attorney, Miguel E. Larios of Peterson, Johnson & Murray Chicago LLC, and for their Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and for Appointment of Class Counsel (dkt. 64), state as follows:

## INTRODUCTION

Plaintiffs Derek Walsh, Shane Mitchell, Terrell Hill, Brian Engelsman, and William Hinton brought this claim against Defendants pursuant to 42 U.S.C. § 1983 alleging that the policies in place at the Will County Adult Detention Facility ("WCADF") were constitutionally deficient in that they "restrict detainees' access to reading materials and their ability to communicate with individuals outside of the jail." (Plaintiffs' Third Amended Complaint ("Pl. Compl."), dkt. 50). On December 16, 2019, counsel filed a motion on behalf of Plaintiffs Mitchell, Hill, and Hinton for class certification and for appointment of class counsel. (Dkt. 64). For the reasons that follow, Plaintiffs' motion for class certification and for appointment of class counsel are inappropriate and should be denied.

## ARGUMENT

This Court should deny Plaintiffs' motion for class certification because Plaintiffs are unable to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). "The burden rests on the party seeking certification to show by a preponderance of the evidence that certification is proper." *Lacy v. Cook Cty.*, 897 F.3d 847, 863 (7th Cir. 2018) (quoting *CE Design, Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011)). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Id.*

1

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979) (internal quotation marks omitted. A district court may certify a case for class-action treatment only if it satisfies the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the conditions of Rule 23(b). *See* Fed. R. Civ. P. 23. In addition, a putative class must be sufficiently definite that its members are ascertainable. *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006); *see Simer v. Rios*, 661 F.2d 655, 669 (7th Cir.1981) ("It is axiomatic that for a class action to be certified a 'class' must exist."). Here, Plaintiffs' motion for class certification must be denied because they have failed to meet the Rule 23 requirements.

### I. PLAINTIFFS FAIL TO SUFFICIENTLY DEFINE AN ASCERTAINABLE CLASS PURSUANT TO RULE 23.

Plaintiffs fail to satisfy the threshold requirement of Fed. R. Civ. P. 23 that the proposed class be "sufficiently definite that its members are ascertainable." *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 493 (7th Cir. 2012). "Once that hurdle is cleared, the plaintiff must satisfy the four requirements of Rule 23(a)—commonly referred to as numerosity, commonality, typicality, and adequacy of representation." *Langendorf v. Skinnygirl Cocktails, LLC,* 306 F.R.D. 574, 578 (N.D. Ill. 2014) (Shah, J.) (citing *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009)).

To satisfy the ascertainability requirement, Plaintiffs must show that class members are identifiable through clear objective criteria so that it is administratively feasible for the court to determine where a particular individual is a member. *Id.* at 496. "A class should not be certified if 'it sweeps within it persons who could not have been injured by the defendant's conduct … [or] if

2

it is apparent that it contains a great many persons who have suffered no injury.'" *Lacy,* 897 F.3d 847, 864 (7th Cir. 2018) (citing *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009)). Here, Plaintiffs propose that the following class be certified under Fed. R. Civ. P. 23(b)(3):

> [A]ll individuals presently or in the future detained in the Will County Adult Detention Facility ("the jail") who are subjected to the restrictions on reading materials and unreasonable delays in their incoming and outgoing mail challenged in Plaintiffs' Third Amended Complaint.

(Dkt. 64, at 1).

Plaintiffs' proposed class is not ascertainable because its members are defined by a subjective criteria that limits the Court's ability to determine which detainees fit into the class and which do not. *See Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007) (Guzman, J.). To show ascertainability, the class must be "defined clearly and based on objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015). "There can be no class action if the proposed class is amorphous or imprecise." *Id*. A vague definition is problematic "because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Id.* at 660 (citation omitted). "To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Id.*; *see also* McLaughlin on Class Actions § 4:2.[i] Specifically, the terms "unreasonable delays" and "restrictions of reading materials" are far too vague and would require individualized fact-finding to identify whether a detainee fits within the proposed class. Further, the proposed class definition contains no reference to any time frame beyond "present[]" and "future." Plaintiffs' proposed class is not sufficiently definite such that its members are ascertainable. Because Plaintiffs have failed to meet this threshold requirement, their motion for class certification is improper and should be denied.

3

## II. PLAINTIFFS DO NOT SATISFY THE COMMONALITY AND TYPICALITY REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 23(a).

Class certification in this case must be denied because Plaintiffs have failed to meet their burden to show that a common issue exists among members of the putative class. To demonstrate commonality, a prospective class must show that its claims "depend upon a common contention … of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Lacy*, 897 F.3d. at 865. "In other words, the key to commonality is 'not the raising of common questions … but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* "The critical point is 'the need for *conduct* common to members of the class." *Id.* (citing *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 553 (7th Cir. 2016)). In order to assess whether commonality is satisfied, the Court must look to the law governing Plaintiffs' claims. *Phillips*, 828 F.3d at 552.

Plaintiffs bear the burden of proving that they are entitled to class certification. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Although class certification proceedings are not "a dress rehearsal for the trial on the merits," *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir. 2012), for purposes of deciding the certification question, the Court does not presume that all well-pleaded allegations are true. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676-77 (7th Cir. 2001). Rather, before it allows a case to proceed as a class action, the Court "should make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350. The Court exercises broad

4

discretion in determining whether class certification is appropriate given the particular facts of the case. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).

Plaintiffs' motion for class certification assumes without evidence that commonality is satisfied. But nothing in Plaintiffs' motion demonstrates that a common issue exists among members of the putative class outside of the pleadings. Since Plaintiffs have failed to articulate a common issue that advances the putative class members First Amendment claims, Rule 23(a)(2) commonality is not met and their class certification motion must be denied.

Similarly, Plaintiffs have failed to establish that their claims are typical of the proposed class as required by Rule 23(a)(3). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This requirement "is meant to assume that the named representative's claims 'have the same essential characteristics as the claims of the class at large.'" *Oshana*, 472 F.3d 514 (quoting *Retired Chi. Police. Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

Plaintiffs purport to challenge written policies and "longstanding unwritten policies," yet it is clear from their motion that not every plaintiff is challenging every policy. This further illustrates the futility of Plaintiffs' proposed class action proceeding. It is very likely that each detainee's case would be quite different depending on how the alleged policy affected them individually and that no particular claim would be typical, making the case inappropriate for class certification under Rule 23(a)(3). *See, e.g., Wrightsell v. Sheriff of Cook Cty.*, No. 08 C 5451, 2009 WL 482370, at *3 (N.D. Ill. Feb. 19, 2009) (Darrah, J.) (typicality lacking because resolution of the claims would require a case-by-case analysis of each detainee's unique situation). Indeed, Plaintiffs' failure to fulfill the typicality requirement of Rule 23(a) alone disqualifies them from

5

obtaining class certification. *Retired Chicago Police Ass'n*, 7 F.3d at 598. Because Plaintiffs are unable to satisfy the typicality requirements of Rule 23(a)(3), their motion for class certification must be denied.

### III. PLAINTIFFS FAIL TO DEMONSTRATE THAT CONDITIONS OF FEDERAL RULE OF CIVIL PROCEDURE 23(b) HAS BEEN SATISFIED.

Even in this Court were to find that Plaintiffs have satisfied the requirements of Rule 23(a), they must also satisfy the provisions of Rule 23(b). Here, Plaintiffs seek certification pursuant to Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). However, "[i]f individual issues predominate over common questions, then a class action generally is not a superior method for resolving the controversy because managing the disparate issues will be inefficient." *Walker v. Calusa Investments, LLC*, 244 F.R.D. 502, 511 (S.D. Ind. 2007) (citing *Szabo v. Bridgeport Mach., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001)). "To satisfy this aspect of Rule 23(b)(3), the plaintiff must show that common issues not only exist but outweigh the individual questions. The common questions must be central to all claims." *Smentek v. Cook Cty.*, No. 09 C 529, 2011 WL 13136965, at *2 (N.D. Ill. Aug. 17, 2011) (Lefkow, J.) (quoting *Pavone v. Aegis Lending Corp.*, No. 05 C 1529, 2006 WL 2536632, at *4 (N.D. Ill. Aug. 31, 2006) (Aspen, J.)).

Here, it is inevitable that individual issues, and not class issues, will predominate this case. Whether a policy or practice is unconstitutional as applied to any particular pre-trial detainee is a fact-bound inquiry that will depend on numerous factors. In order to resolve Plaintiffs' First Amendment claim (their sole claim in this case), the Court will have to take an individualized look into a number of factors including the length of receipt and delivery of all correspondence sent to

and from the WCADF, the veracity of Plaintiffs' claims of "unwritten" policies regarding said correspondence, any security justifications or explanations. This inquiry is especially possible before the parties have even completed fact discovery and no depositions have taken place.

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that this Honorable Court deny Plaintiff's motion for class certification and for appointment for class counsel and grant any other relief that this Court deems equitable and just.

Dated: January 31, 2020

Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios (ARDC No. 6301828)
Peterson, Johnson & Murray Chicago, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
(312) 782-7150
(312) 896-9318 – fax
mlarios@pjmchicago.com

*Counsel for Defendants Mike Kelley and Will County, Illinois*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2020, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Miguel E. Larios

---

[i] The effectiveness of class action litigation has long been the subject of debate and criticism. *See, e.g.,* Howard M. Erichson, *Aggregation as Disempowerment: Red Flags in Class Action Settlements*, 92 NOTRE DAME L. REV. 859, 864 (2016) ("[C]lass counsel may trade larger attorneys' fees for smaller class recovery, permitting a defendant to lower its overall settlement cost. These aligned interests explain why some defendants negotiate fees with class counsel. They explain why some class settlements include stunningly broad releases even when large swaths of claimants get little or nothing of value."); *Flamm v. Eberstadt*, 72 F.R.D. 187, 190 (N.D. Ill. 1976) (Flaum, J). ("[C]lass actions have the potential for abuse so as to make them more a vehicle for enrichment of the private bar rather than a tool to prevent unlawful activity."); *Greisz v. Household Bank*, 176 F.3d 1012, 1013 (7th Cir. 1999) (noting that class actions are "pregnant with well-documented possibilities for abuse. The smaller the individual claim, the less incentive the claimant has to police the class lawyer's conduct, and the greater the danger, therefore, that the lawyer will pursue the suit for his own benefit rather than for the benefit of the class."). This concern is especially prevalent where plaintiffs seek nominal damages, but class counsel seek hundreds of thousands of dollars in fees.