**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEREK WALSH, SHANE MITCHELL TERRELL HILL, BRIAN ENGELSMAN and WILLIAM HINTON, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>MIKE KELLEY, in his official capacity as sheriff of Will County, Illinois, and WILL COUNTY, ILLINOIS, )<br><br>Defendants. ) | Court No. 17-cv-05405<br>Honorable Andrea R. Wood |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING CLASS REPRESENTATIVES**

NOW COME Defendants, MIKE KELLEY and WILL COUNTY, ILLINOIS, by and through their attorneys, Peterson, Johnson & Murray Chicago, LLC, and for their Response to Plaintiff's Supplemental Brief Regarding Class Representatives, states as follows:

**INTRODUCTION**

Plaintiffs Derek Walsh, Shane Mitchell, Terrell Hill, Brian Engelsman, and William Hinton brought this claim against Defendants pursuant to 42 U.S.C. § 1983 alleging that the policies in place at the Will County Adult Detention Facility ("WCADF") were constitutionally deficient in that they "restrict detainees' access to reading materials and their ability to communicate with individuals outside of the jail." (Plaintiffs' Third Amended Complaint ("Pl. Compl."), Dkt. 50). On December 16, 2019, counsel filed a motion on behalf of Plaintiffs Mitchell, Hill, and Hinton for class certification and for appointment of class counsel. (Dkt. 64). Since that time, named Plaintiffs, Terrell Hill, Shane Mitchell, Brian Engelsman, and Derek Walsh are no longer in the

1

custody of the Will County Adult Detention Facility (herein "WCADF"). *See* Plaintiffs' Supplemental Brief Regarding Class Representatives (Dkt. 87). For the reasons that follow, Plaintiffs' motion for class certification and for appointment of class counsel are inappropriate and should be denied.

## ARGUMENT

Plaintiffs' Supplemental Brief only furthers the assertion that their motion for class certification should be denied because Plaintiffs are unable to satisfy the requirements of Federal Rule of Civil Procedure 23(a) and (b). Plaintiffs bear the burden of proving that a class should be certified. *Williams v. Chartwell*, 204 F.3d 748, 760 (7th Cir. 2000). A class may be certified only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties typify those of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. F.R.C.P. 23(a). Also, questions of law or fact common to the class must predominate over questions affecting each member. F.R.C.P. 23(b)(3). Failure to meet any element of Rule 23(a) or (b) precludes class certification. *Patterson v. G.M*, 631 F.2d 476, 480 (7th Cir. 1980). Courts undertake a "rigorous analysis" to determine whether these elements are met. *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982).

The legally unviable nature of Plaintiffs claim is evaluated first because it implicates class requirements. "Where questions bearing on class certification and questions on the merits are intertwined, the Seventh Circuit has stated that the court should make a preliminary inquiry into the merits to determine whether a class is suitable for class treatment." *Jackson v. National Action*, 227 F.R.D. 284, 286 (N.D. Ill. 2005). Nothing "prevents the district court from looking beneath

2

the surface of a complaint to conduct the inquiries identified in [Rule 23] and exercise the discretion it confers." *Szabo v. Bridgeport Machines*, 249 F.3d 672, 677 (7th Cir. 2001).

### I. Plaintiffs do not meet the requirements of FRCP Rule 23(a)(4).

FRCP Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. "To permit the certification of a class headed by a 'representative' who did not have a live controversy with the defendant on the day the suit began would be to jettison the last vestiges of the case-or-controversy requirement in class actions." *Holmes v. Fisher*, 854 F.2d 229, 232 (7th Cir. 1988). Plaintiffs Walsh and Engelman where no longer in custody at the time the third amended complaint and motion for class certification were filed. *See* Plaintiffs' Supplemental Brief Regarding Class Representatives (Dkt. 87). Additionally, since that time, Plaintiffs, Hill and Mitchell have been released from WCADF's custody. *Id*.

Here, four of the named Plaintiffs no longer hold a case in controversy for the relief sought. Plaintiffs claim that because they are potentially subject to being returning to WCADF, their liberty is conditional and could be subject to the alleged unconstitutional policies. However, in *Arreola v. Godinez*, the seventh Circuit assessed a similar problem. There the court reviewed a class action certification claim for an inmate who was denied crutches after breaking his ankle. *Arreola v. Godinez,* 546 F.3d 788, 799 (7th Cir. 2008). The court upheld the district courts denial for class certification because, "[Plaintiff's] interest in prospective relief is too tenuous (and was too tenuous even when he first filed this lawsuit) to permit an award of injunctive relief on his individual claims." *Id*. at 799. The court went on to explain that because Plaintiff was no longer in custody and the likelihood that he will return to the jail and will once again be subject to the same injury is too speculative to support a right to an injunction on his part. *Id*.

3

**II.     Plaintiff's fail to demonstrate a common question of law or fact under FRCP 23(b).**

The argument that Plaintiffs could be subject to the same or similar injury is a non-starter. Here, Plaintiffs seek certification pursuant to Rule 23(b)(3), which requires the Court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). However, "[i]f individual issues predominate over common questions, then a class action generally is not a superior method for resolving the controversy because managing the disparate issues will be inefficient." *Walker v. Calusa Investments, LLC*, 244 F.R.D. 502, 511 (S.D. Ind. 2007) (citing *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001)). "To satisfy this aspect of Rule 23(b)(3), the plaintiff must show that common issues not only exist but outweigh the individual questions. The common questions must be central to all claims." *Smentek v. Cook Cty.*, No. 09 C 529, 2011 WL 13136965, at *2 (N.D. Ill. Aug. 17, 2011) (Lefkow, J.) (quoting *Pavone v. Aegis Lending Corp.*, No. 05 C 1529, 2006 WL 2536632, at *4 (N.D. Ill. Aug. 31, 2006) (Aspen, J.)).

Here, individual issues predominate the case. Whether a policy or practice is unconstitutional as applied to any particular pre-trial detainee is a fact-bound inquiry that will depend on numerous factors. In order to resolve Plaintiffs' First Amendment claim (their sole claim in this case), the Court will have to take an individualized look into a number of factors including the length of receipt and delivery of all correspondence sent to and from the WCADF, the veracity of Plaintiffs' claims of "unwritten" policies regarding said correspondence, any security justifications or explanation.

### III. Plaintiffs failed to satisfy the commonality and typicality requirement under FRCP 23(a).

Plaintiffs admittedly assert that they do not meet the typicality requirement of FRCP 23(a). *See* Plaintiffs' Supplemental Brief Regarding Class Representatives (Dkt. 87). Rule 23(a) mandates commonality and typicality as precursors to class certification. Commonality requires that class members share common questions of law or fact. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). When a common nucleus of operative facts unites a class, commonality is satisfied. *Id*. The commonality requirement of Rule 23(a)(2) is similar to the typicality requirement of Rule 23(a)(3). *Ruiz v. Stewart Assoc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same conduct that gives rise to the claims of other class members and they are based on the same legal theory. *De La Fuente v. Stokely-Van Camp*, 713 F.2d 225, 232 (7th Cir. 1983). But where proof of the representative plaintiff's claim would not necessarily prove all of the putative class members' claims, he fails to satisfy the typicality requirement. *Williams v. Ford*, 192 F.R.D. 580, 586 (N.D. Ill. 2000).

Plaintiffs' motion for class certification and supplemental brief assumes without evidence that commonality and typicality are satisfied. But nothing in Plaintiffs' Supplemental Brief demonstrates that a common issue exists among members of the putative class outside of the pleadings. Rather, Plaintiffs claim that because jail policies apply to all inmates, it is sufficient to allege that the Plaintiffs were subject to injury. This argument is unconvincing, especially given the fact that Plaintiffs contention are with "unwritten policies."

A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). This requirement "is meant to assume that the named representative's claims 'have the same essential

5

characteristics as the claims of the class at large.'" *Oshana*, 472 F.3d 514 (quoting *Retired Chi. Police. Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)). Each Plaintiff is not challenging the same policies, further illustrates the futility of Plaintiffs' proposed class action proceeding. It is very likely that each detainee's case would be quite different depending on how the alleged policy affected them individually and that no particular claim would be typical, making the case inappropriate for class certification under Rule 23(a)(3).

## CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that this Honorable Court deny Plaintiff's motion for class certification and for appointment for class counsel and grant any other relief that this Court deems equitable and just.

    Respectfully submitted,

By:    */s/ Thomas J. Condon, Jr.*
       One of the Attorneys for Defendants

Thomas J. Condon, Jr.
Peterson Johnson & Murray Chicago, LLC
200 W. Adams Street, Suite 2125
Chicago, Illinois 60606
tcondon@pjmchicago.com
312-724-8024
312-896-9318 – fax