IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK WALSH, et al., individually and on behalf of all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) MIKE KELLEY, in his official capacity as Sheriff of Will County, Illinois, and WILL COUNTY, ILLINOIS, ) ) ) ) ) Defendants. ) | No. 17-cv-05405 Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Derek Walsh, Shane Mitchell, Terrell Hill, Brian Engelsman, and William Hinton sued Mike Kelley, in his official capacity as Sheriff of Will County, and Will County itself under 42 U.S.C. § 1983 on behalf of themselves and a putative class. Plaintiffs allege that various policies implemented and enforced at the Will County Adult Detention Facility ("WCADF") violate their rights under the First Amendment to the United States Constitution. Before the Court is Plaintiffs' motion for certification of a plaintiff class under Federal Rule of Civil Procedure 23(b)(2). (Dkt. No. 64.) For the reasons given below, the Court grants the motion.

## BACKGROUND

Plaintiffs are current and former prisoners at the WCADF. Hinton is currently a pretrial detainee, and the others were formerly detained there. (Pl.'s Supp. Brief at 2, Dkt. No. 87.) Plaintiffs allege that Defendant Kelley has implemented policies at the WCADF that "restrict detainees' access to reading materials and their ability to communicate with individuals outside of the jail." (Third Am. Compl. ¶ 2 ("TAC"), Dkt. No. 50.) The challenged policies include unreasonable delays in processing incoming and outgoing mail and a ban on: (1) newspaper

clippings, articles, and any materials "printed from the internet;" (2) receiving mail that has a P.O. box listed as the return address; (3) all newspapers except one copy of *USA Today* that all detainees share; (4) the publication *Prison Legal News*; and (5) photos or other materials determined to be "inappropriate" by mailroom staff. (*Id.*) Plaintiffs claim that these practices violate their First Amendment rights. (*Id.* ¶ 5.) For their part, Defendants admit the existence of the policies, except for unreasonable delays in processing mail. (Answer to TAC ¶¶ 3–4, Dkt. No. 58.)

Plaintiffs have moved to certify a class under Rule 23(b)(2) consisting of "all individuals presently or in the future detained at the Will County Adult Detention Facility ("the jail") who are subjected to the restrictions on reading materials and unreasonable delays in their incoming and outgoing mail challenged in Plaintiffs' Third Amended Complaint." (Pl.'s Mot. to Certify Class at 1 ("Mot. to Certify"), Dkt. No. 64.) On behalf of the putative class, Plaintiffs seek a declaratory judgment that the relevant policies violate the First Amendment and an injunction prohibiting the enforcement of those policies. (TAC ¶ 45.)

## DISCUSSION

A plaintiff seeking class certification under Rule 23 must "satisfy all four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the general categories of Rule 23(b)." *Orr v. Shicker*, 953 F.3d 490, 497 (7th Cir. 2020). Here, Plaintiffs seek certification under Rule 23(b)(2). The proposed class must be "defined clearly and based on objective criteria." *Mullins v. Direct Digit., LLC*, 795 F.3d 654, 659 (7th Cir. 2015); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (noting that "class definitions must be definite enough that the class can be ascertained" (citation omitted)). The movant "bears the burden of demonstrating that certification is proper by a preponderance of the evidence." *Bell*

2

*v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015). The Court has broad discretion to determine whether certification is appropriate. *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997).

### I.     Class Definition

The Court first addresses whether the class proposed by Plaintiffs is sufficiently ascertainable. The proposed class consists of "all individuals presently or in the future detained in [the WCADF] who are subjected to the restrictions on reading materials and unreasonable delays in their incoming and outgoing mail challenged in Plaintiffs' [TAC]." (Mot. to Certify at 1.)

Defendants contend that the Court cannot certify the proposed class because it is not sufficiently definite or ascertainable. In so arguing, Defendants rely on a Seventh Circuit case concluding that vagueness in class definitions "is a problem because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Mullins*, 795 F.3d at 660. Those issues are highly relevant for certification under Rule 23(b)(3), where plaintiffs typically seek damages and unnamed class members have the right to notice and an opportunity to opt out of the class. Fed. R. Civ. P. 23(c)(2)(B). But those issues are less relevant for certification under Rule 23(b)(2).

In a Rule 23(b)(2) suit for injunctive relief, notice is not required but rather provided at the Court's discretion, unnamed class members do not have a right to opt out, and there is no monetary recovery to split among class members. *See* Fed. R. Civ. P. 23(c)(2)(A); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) (Rule 23 "provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). Because of the nature of a Rule 23(b)(2) action for injunctive relief, the Court has increased flexibility in handling the requirement of ascertainability. *See Haynes v. Dart*,

3

No. 08 C 4834, 2009 WL 2355393, at *4 (N.D. Ill. July 29, 2009) (noting that a district court can take a more flexible approach to ascertainability in a suit for equitable relief than in a suit for damages). Accordingly, certification under Rule 23(b)(2) is common in civil rights suits seeking such relief. *See Wal-Mart Stores*, 564 U.S. at 361 ("'[C]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what (b)(2) is meant to capture." (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997))).

The Court concludes that the proposed class is sufficiently definite in this case. A class of present and future detainees subjected to the relevant policies can certainly be ascertained because—by Defendants' own admission—the policies are applied to all detainees at the WCADF. (Answer to TAC ¶ 3.) Defendants do not contend that their policies apply to some, but not all, detainees at the WCADF. Therefore, a detainee's presence at the WCADF—at present or in the future—is an objective criterion for determining who is a member of the class. The class can be ascertained by reference to Defendants' records and is therefore sufficiently definite.

## II. Requirements of Rule 23(a)

Turning next to the requirements of Rule 23(a), that provision imposes four prerequisites for class certification: "numerosity, commonality, typicality, and adequacy of representation." *Orr*, 953 F.3d at 497.

### A. Numerosity

The Court may certify a class only if it is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Rule 23 does not prescribe a specific minimum number of plaintiffs. But a 40-member class is generally considered sufficiently numerous to justify a class action. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017). To ascertain the size of the proposed class, the Court may "rely on common sense assumptions or

reasonable inferences" based on the record. *Streeter v. Sheriff of Cook Cty.*, 256 F.R.D. 609, 612 (N.D. Ill. 2009); *see Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008).

Defendants in this case do not challenge the numerosity of the proposed class. Although Plaintiffs did not include any supporting affidavits or documents regarding the number of potential class members,[1] their motion does include the link to the online Will County Inmate Search database. A search of that database indicates that there are currently 592 detainees at the WCADF.[2] The class clearly has more than 40 members, and likely includes hundreds of people. Therefore, the Court finds that Plaintiffs' proposed class meets Rule 23(a)'s numerosity requirement.

B.   **Commonality**

The second requirement of Rule 23(a) is that the class action must present "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For that requirement, Plaintiffs' claim must depend upon a common contention "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores*, 564 U.S. at 350. Even a single common question is enough to satisfy Rule 23(a)(2). *Id.* at 359; *see also Holmes v. Godinez*, 311 F.R.D. 177, 217 (N.D. Ill. 2015) (stating that a single systemwide illegal practice or policy may satisfy the commonality requirement). "Once that common issue of law or fact is

---

[1] Plaintiffs have not provided any documentation of the challenged policies either. Defendants, however, have admitted the existence of all but one of those policies. (Answer to TAC ¶¶ 3–4.) The Court may not "simply assume the truth of the matters as asserted by the plaintiff." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). But the material facts in this case are not disputed, so Plaintiffs' choice not to put more evidence before the Court does not affect the Court's ability to certify the putative class. *See id.* ("If there are **material factual disputes**, the court must receive evidence . . . and resolve the disputes before deciding whether to certify the class." (citation and internal quotation marks omitted) (emphasis added)).

[2] *See Inmate Search*, Will County Sheriff, http://66.158.72.230/NewWorld.InmateInquiry/Public (last visited September 29, 2021).

alleged it makes no difference that a variety of specific activities are complained of or constitutional violations are alleged." *All. to End Repression v. Rochford*, 565 F.2d 975, 979 (7th Cir. 1977); *see also Hill v. Wells Fargo Bank, N.A.*, No. 12 C 7240, 2015 WL 232127, at *9 (N.D. Ill. Jan. 16, 2015) ("[S]ome degree of factual variation will not defeat commonality provided that common questions yielding common answers can be identified.").

Plaintiffs have identified a list of common questions in their complaint and motion. (*See* TAC ¶ 39; Mot. to Certify at 5–6.) Rather than explain why those questions are not common to the class members, Defendants contend that Plaintiffs' motion "assumes without evidence that commonality is satisfied." (Resp. in Opp'n to Mot. to Certify Class at 5 ("Opp'n"), Dkt. No. 70.) The Court, however, finds that Plaintiffs have posed common questions of law or fact. Questions that meet the commonality requirement include whether the WCADF has violated the First Amendment through its policies banning newspaper clippings and material printed from the internet, the receipt of mail which has a P.O. Box as the return address, and the publication *Prison Legal News*, as well as the question of whether the WCADF has implemented policies to process incoming and outgoing mail in a reasonably timely fashion. Those questions are common to the members of the proposed class, and the answers could determine whether injunctive relief is appropriate on a classwide basis. Therefore, the proposed class satisfies the commonality requirement.

### C.     Typicality

The third requirement under Rule 23 is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This inquiry is "closely related to the preceding question of commonality." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). A claim is typical if it "arises from the same event or practice or course of

conduct that gives rise to the claims of other class members" and is "based on the same legal theory." *Oshana*, 472 F.3d at 514 (citation and internal quotation marks omitted).

Defendants argue that Rule 23(a)(3) has not been satisfied in this case because "not every plaintiff is challenging every policy" and "each detainee's case would be quite different depending on how the alleged policy affected them individually." (Opp'n at 5.) Those two points do not demonstrate that the named Plaintiffs' claims are atypical of the unnamed class members' claims. The requirement of typicality "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). The requirement of typicality is meant to ensure that the "named representatives' claims have the same essential characteristics as the claims of the class at large." *Id.*

The Court concludes that the named Plaintiffs' claims are sufficiently typical of the class members' claims. The entire putative class and each named Plaintiff who seeks to become a class representative are, or have been, detainees at the WCADF and therefore subject to the same challenged policies. The named Plaintiffs' claims and the unnamed class members' claims are based on the same legal theory—that Defendants' practices violate their First Amendment rights. And the named Plaintiffs' claims are based on conduct by Defendants that affects both the named Plaintiffs and the unnamed class members in very similar ways. The policies that Plaintiffs challenge apply to the whole class of detainees at the WCADF, and there is no reason to think that the named Plaintiffs' claims substantially differ in kind from claims that the unnamed class members could bring. Therefore, Plaintiffs have satisfied the typicality requirement of Rule 23(a).

D.  **Adequacy**

The fourth requirement of Rule 23(a) is that the named Plaintiffs and the proposed class counsel be adequate. Fed. R. Civ. P. 23(a)(4). This adequacy requirement involves two inquiries: "(1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The adequacy inquiry is aimed at identifying conflicts of interest between representative parties and the class. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997). Defendants contend that because not all of the named Plaintiffs are currently imprisoned at the WCADF, they are not adequate class representatives. The Court finds that the named Plaintiffs are adequate class representatives, however, because they represent an "inherently transitory" class, and in the alternative because three of five named Plaintiffs are currently imprisoned at the jail or released on bond and subject to further imprisonment.

Plaintiffs Hinton, Mitchell, and Hill were all imprisoned in the WCADF when they brought their motion for class certification. (Mot. to Certify at 8.) Today, only Hinton is still imprisoned there. But all three remain appropriate class representatives, because pretrial detention is inherently transitory. *Olson v. Brown*, 594 F. 3d 577, 580–81 (7th Cir. 2010); *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11 (1975). And because prisoners at the WCADF remain subject to the challenged policies, the class as a whole holds a continuing live claim. Because the "inherently transitory" doctrine applies here, Hinton, Mitchell, and Hill are appropriate class representatives.

Further, Hinton, Mitchell, and Walsh retain live claims. Hinton is still imprisoned at the WCADF, and Defendants do not argue that Hinton has no stake in challenging the policies at issue, which continue to affect him. Mitchell and Walsh, released on bond, enjoy only conditional

8

liberty. If their bond is revoked, they will again be subjected to the challenged policies. Mitchell and Walsh hold a reasonable expectation that the harms they have suffered will reoccur. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Accordingly, Hinton, Mitchell, and Walsh are appropriate class representatives.

Defendants counter that Plaintiffs not currently imprisoned at the WCADF lack sufficient investment in prospective relief to adequately represent the class, citing *Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008). But *Arreola* involved a former prisoner who filed suit after his release, alleging he was denied crutches after breaking his ankle. The case found that Arreola could not adequately represent the class because (1) he did not file suit until after he was released, and (2) he was unlikely both to be imprisoned again and suffer a similar injury while imprisoned. *Id*. Here, where Plaintiffs filed for class certification while three named Plaintiffs were imprisoned, and Plaintiffs released on bond will certainly be subjected to the same policies if re-detained, and one Plaintiff remains imprisoned at the WCADF, the individual Plaintiffs are more-than-adequate representatives of the class. *See also Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676–77 (7th Cir. 2009) (even when some named plaintiffs may lack standing, one named plaintiff with standing suffices to certify class.)

Finally, the named Plaintiffs' interests are aligned with the other class members' interests. Named Plaintiffs seek injunctive relief that will increase access to reading materials and correct allegedly deficient mail processing policies. No antagonistic interests have been alleged between the named Plaintiffs and the class. No doubts have been cast on Plaintiffs' commitments to protecting the First Amendment rights of the class and to effecting a change in the WCADF's policies. Plaintiffs have established that the representative parties will fairly and adequately protect the interests of the class.

The Court also concludes that the proposed class counsel is adequate. They are experienced counsel with a history of litigating civil rights cases in this District. *See, e.g., RCP Publ'ns Inc. v. City of Chicago*, 304 F. Supp. 3d 729 (N.D. Ill. 2018); *Koger v. Dart*, 114 F. Supp. 3d 572 (N.D. Ill. 2015); *Pindak v. Dart*, 125 F. Supp. 3d 720 (N.D. Ill. 2015). There is no reason to think that they will not be zealous advocates for the proposed class in this case. Therefore, Plaintiffs have met the adequacy requirement of Rule 23(a)(4).

### III.  Requirements of Rule 23(b)(2)

In addition to satisfying Rule 23(a), "the class must satisfy one of the four conditions in Rule 23(b)." *Bell*, 800 F.3d at 373. In this case, Plaintiffs seek to certify their class under Rule 23(b)(2). (TAC ¶ 35; Mot. to Certify at 1.) To have their proposed class certified under Rule 23(b)(2), Plaintiffs must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Defendants incorrectly assert that "Plaintiffs seek certification pursuant to Rule 23(b)(3)" and contend that the requirements of predominance and superiority have not been met. (Opp'n at 6–7.) But Plaintiffs only seek certification under Rule 23(b)(2), so Defendants' arguments regarding Rule 23(b)(3) are irrelevant and will not be addressed here.

The Supreme Court has stated that "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores*, 564 U.S. at 360 (citation and internal quotation marks omitted). In this case, injunctive relief is likely to be appropriate for either all detainees at the WCADF subject to the challenged policies or none of them, which makes the remedy Plaintiffs seek indivisible. Given

the indivisible nature of the proposed remedy and Plaintiffs' exclusive focus on injunctive relief for a violation of constitutional rights, the Court finds that the proposed class satisfies Rule 23(b)(2).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for Rule 23(b)(2) class certification (Dkt. No. 64) is granted. The Court certifies the following plaintiff class pursuant to Federal Rule of Civil Procedure 23(b)(2): All individuals presently or in the future detained in the Will County Adult Detention Facility ("the jail") who are subjected to the restrictions on reading materials and unreasonable delays in their incoming and outgoing mail challenged in Plaintiffs' Third Amended Complaint. The Court appoints William Hinton, Shane Mitchell, and Terrell Hill as class representatives, and attorneys Adele Nicholas and Mark Weinberg as class counsel.

ENTERED:

Dated: September 29, 2021

_____
Andrea R. Wood
United States District Judge